# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARILYNN ENGLISH,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID KAPLAN, et al.,<br><br>        Defendants. | Civil Action No. 2:18-cv-01617-CCC-SCM<br><br>**OPINION AND ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT AND TRANSFER VENUE**<br><br>**[D.E. 3, 6 and 69]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

This matter comes before the Court upon Plaintiff Marilynn English's ("Ms. English") multiple motions to amend her complaint and transfer venue from the District of New Jersey to the Southern District of New York.[1] The Court has reviewed the parties' submissions and decides this matter without oral argument. For the reasons herein, Ms. English's motions are **DENIED**.

## I. BACKGROUND AND PROCEDURAL HISTORY[2]

This action arises out of a mortgage loan transaction which occurred in New Jersey in late 2005, and the ensuing litigation which occurred in New Jersey state and federal court in 2009 and 2010.[3] Defendant Shauyn Copeland ("Ms. Copeland") brought the first action against Ms. English following the foreclosure of Ms. Copeland's New Jersey home, alleging Ms. English knowingly

---

[1] (ECF Docket Entry ("D.E.") 3, Pl.'s Mot.; D.E. 6, Pl.'s Mot.; D.E. 69, Pl.'s Mot.).

[2] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[3] (D.E. 58, Defs.' Mot.).

provided Ms. Copeland with a loan she could not afford.[4] After settling the first action, Ms. English filed a second action in New Jersey Superior Court, alleging that Ms. Copeland, various attorneys, and their clients from the first action committed fraud by misrepresenting facts to the court.[5] The state court ruled against Ms. English, and the ruling was upheld on appeal.[6]

On February 6, 2018, Ms. English filed the present action in the District of New Jersey against the various attorneys, clients, and Judges (collectively, "Defendants") involved in the previous two cases.[7] Ms. English's Complaint re-states the fraud allegations from her prior suit, and also alleges the fraud furthered a Racketeer Influenced and Corrupt Organization Act ("RICO") conspiracy.[8] Ms. English additionally asserts that several of the state court judges involved in the prior two suits violated various judicial cannons.[9] Furthermore, Ms. English states that JP Morgan Chase Bank ("JP Morgan") is the "real party in interest" in the first action.[10]

Before Defendants answered, Ms. English filed her First Motion to Transfer on February 14, 2018, seeking to transfer venue to the United States District Court for the Southern District of New York claiming "it will be impossible to get justice in [New Jersey] State."[11] Ms. English filed a Second Motion to Amend Complaint and Transfer Venue on February 16, 2018, seeking to add

---

[4] (D.E. 1, Compl.).

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] (D.E. 1, Compl.).

[10] *Id.*

[11] (D.E. 3, Pl.'s Mot.).

2

Bank of New York Mellon ("Bank of New York") as a necessary party, arguing that Bank of New York is the successor in interest to JP Morgan, who she alleges is the real party in interest in the first case.[12] Furthermore, Ms. English again requests transfer of venue to the Southern District of New York, arguing that Bank of New York's main office is in New York.[13] Lastly, Ms. English filed a third Motion to Amend Complaint and Transfer Venue on July 12, 2018 re-alleging the same arguments contained in her second motion.[14]

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[15] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[16] Motions to amend and to transfer a case to another district are considered non-dispositive motions.[17] Further, decisions to grant or deny motion to amend or an application for transfer are discretionary.[18] Consequently, if such a decision is

---

[12] (D.E. 6, Pl.'s Mot.).

[13] *Id*.

[14] (D.E. 69, Pl.'s Mot.).

[15] 28 U.S.C. § 636(b)(1)(A).

[16] L. CIV. R. 72.1(a)(1); 37.1.

[17] *See Siemens Fin. Servs., Inc. v. Open Advantage M.R.I. II L.P.*, 2008 WL 564707, at *2 (D.N.J. Feb. 29, 2008); *Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J. 2001).

[18] *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993) (motion to amend); *Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000) (transfer motion).

appealed, the district court must affirm the decision unless it is "clearly erroneous or contrary to law."[19]

## III. DISCUSSION AND ANALYSIS

A. Motion to Amend

After amendments as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[20] While courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice."[21] This ensures that "a particular claim will be decided on the merits rather than on technicalities."[22] Thus, in the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the Court must grant a request for leave to amend.[23] "A proposed amendment is considered futile if the complaint, as amended, would be subject to dismissal."[24]

Ms. English seeks to amend her complaint to add Bank of New York as an additional party on the grounds that Bank of New York is the "successor in interest to JP Morgan Chase Bank."[25] Because Bank of New York has not consented to being joined as a party plaintiff, and because Ms.

---

[19] *See Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

[20] Fed. R. Civ. P. 15(a)(2).

[21] Fed. R. Civ. P. 15(a)(2); *Voilas et al. v. General Motors Corp., et al.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (citations omitted) (internal quotations omitted).

[22] *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (citation omitted).

[23] *Grayson v. Mayview State Hosp.*, 292 F.3d 103, 108 (3d Cir. 2002).

[24] *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'rs Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

[25] (D.E. 6, Pl.'s Mot.).

English has not provided any indication that it is even aware of this action, the Court must evaluate whether Ms. English has alleged sufficient facts to demonstrate that Bank of New York is a necessary party under Rule 19.

Under Rule 19, an entity is a required party to an action if the court could not accord complete relief in that entity's absence.[26] Alternatively, an entity must be joined under Rule 19 if it claims an interest related to the subject matter of the action and "is so situated that disposing of the action in the person's absence may ... impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations."[27] The party advocating for joinder has the initial burden of demonstrating that the missing party is necessary.[28]

Here, the Amended Complaint merely states, "Plaintiff amends this Motion to include [Bank of New York] as a necessary party and a party in interest as noted: [Bank of New York] as successor in interest to JP Morgan Chase Bank N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR3 Mortgage Pass-Through Certificate."[29] The proposed amendment does not identify any claims or factual allegation made on behalf of Bank of New York, nor does the amendment specify against which defendants Bank of New York is bringing claims against.[30] Although Ms. English alleges that Bank of New York is a successor in interest to JP Morgan Chase

---

[26] Fed. R. Civ. P. 19(a)(1)(A).

[27] Fed. R. Civ. P. 19(a)(1)(B).

[28] Fed. R. Civ. P 19(a)(1); *Ameriprise Financial, Inc. v. Bailey*, 944 F. Supp. 2d 541 (N.D. Tex. 2013).

[29] (D.E. 6, Pl.'s Mot.).

[30] *Id*.

Bank, and that JP Morgan was the real party in interest in a previous litigation, she does not allege any additional facts regarding JP Morgan. Ms. English's allegations are therefore futile, as they do not allege sufficient facts for the Court to conclude that Bank of New York is a necessary party under Rule 19.

### B. Motion to Transfer Venue

Section 1404(a) allows for the transfer of any civil action "[f]or the convenience of the parties and witnesses [and] in the interest of justice" to "any other district or division where it might have been brought."[31] In analyzing a request to transfer venue, courts have not limited their consideration to the factors enumerated in Section 1404(a).[32] Rather, courts "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."[33] The moving party bears the burden of proving a need for transfer.[34] The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one.[35]

To determine whether transfer to the Southern District of New York is appropriate under Section 1404, the Court must first assess whether this action "might have been brought"[36] in the Southern District of New York in the first place under Section 1391.

---

[31] 28 U.S.C. § 1404(a).

[32] *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

[33] *Id.*

[34] *See LG Elecs. v. First Int'l Computer*, 138 F. Supp. 2d 574, 586 (D.N.J. 2001).

[35] *See Jumara*, 55 F.3d at 879; *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993).

[36] 28 U.S.C. § 1404(a).

6

Pursuant to 1391(b), venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants reside in the same State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[37]

Here, Ms. English does not satisfy the first prong of Section 1391(b) because she does not allege that any defendants reside in the state of New York.[38] In fact, the only addresses Ms. English provides in the Complaint and Amended Complaint are Defendants' office addresses, all of which are located in New Jersey.[39]

Ms. English also fails under the second prong of Section 1391(b) because she makes no claims that a substantial part of the events or omissions occurred in New York.[40] In fact, according to Ms. English's own allegations, all of the events related to the fraud, RICO violations, judicial bias, and violations of judicial canons occurred in the New Jersey.[41] Additionally, the property related to the fraud and RICO allegations is located at 416 Leslie Street, Newark, New Jersey, not New York.[42]

---

[37] 28 U.S.C. § 1391(b).

[38] (D.E. 3, Pl.'s Mot.; D.E. 6, Pl.'s Mot.; D.E. 69, Pl.'s Mot.).

[39] *Id.*

[40] *Id.*

[41] (D.E. 6, Pl.'s Mot.).

[42] *Id*.

Lastly, Ms. English cannot satisfy the third prong of Section 1391(b) because the District Court of New Jersey is a valid venue for this action. The "property that is subject of the action is situated" in New Jersey, and "a substantial part of the events or omissions giving rise to"[43] Ms. English's claims occurred in New Jersey.[44] Likewise, as referenced above, the prior litigation of which Ms. English complains occurred in New Jersey state and federal courts. Thus, venue may be properly laid in New Jersey.

Moreover, since Ms. English alleges that she is a resident of New Jersey, and because all the individuals who are named as defendants are employed by the New Jersey judiciary or law firms located in New Jersey, and presumably reside in or near the New Jersey area, transferring the case to the Southern District of New York would not promote the convenience of parties and witnesses, and would not be in the interest of justice. Therefore, Ms. English has failed to meet her burden to show that transfer is proper under Section 1391 or 1404 and her motion is denied.

## V. CONCLUSION

Based on the foregoing, this Court concludes that Ms. English has not met her burden in demonstrating joinder is necessary under Rule 19, nor that transfer is appropriate under Section 1391 or 1404. For these reasons, Ms. English's Motion to Amend and Transfer Venue is **denied**. An appropriate Order follows.

---

[43] 28 U.S.C. § 1391(b)(2).

[44] (D.E. 52, Defs.' Opp.'n).

**ORDER**

**IT IS** on this Friday, August 31, 2018,

**ORDERED** that Ms. English's motion to amend is **denied**; and it is so

**ORDERED** that Ms. English's motion to transfer venue is **denied**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/31/2018 3:50:57 PM

Original: Clerk of the Court
Hon. Claire C. Cecchi, U.S.D.J.

cc: All parties
    File