# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARILYNN ENGLISH,<br><br>      Plaintiff,<br><br>v.<br><br>ATTORNEY DAVID KAPLAN, *et al.*,<br><br>      Defendants. | Civil Action No.: 18-1617 (CCC)<br><br>**ORDER** |

IT APPEARING THAT:

1. On February 6, 2018, *pro se* Plaintiff instituted the within action seeking to recover damages stemming from an "August 2009" lawsuit she alleges was "fraudulently" instituted by "Attorney David Kaplan on behalf of his client, Shauyn Copeland." (ECF No. 1 ("Compl.") at 1) (citing Civ. Action No. 09-4675)). As further discussed below, Plaintiff has been involved in multiple actions relating to the subject mortgage transaction. In this action, Plaintiff explains that "[t]he purpose of this lawsuit was [sic] to stop Ms. Copeland's foreclosure after her Bankruptcy Action failed to do so." (Id.). Additionally, Plaintiff explains that "[d]ue to [Plaintiff's] loss of a Surety Bond and loss of income due to the [alleged] fraud and other charges against [her], Plaintiff filed a State Court Complaint for fraud against the parties in the initial lawsuit." (Id.). Plaintiff further remarks that for all the reasons set forth in her Complaint, "all Judges ruled incorrectly based on bias, prejudice and incorrect 'facts' (a/k/a misrepresentations) by Defendants." (Id.). As

such, Plaintiff brought this Complaint asserting the following causes of action: Counts I-XI – Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") by various Defendants; and Counts XII-XIV – "Aiding and Abetting, Violations of the Constitution, the Due Process Clause and Violation of 42 U.S.C § 1983" by various Defendants. (Compl. ¶¶ 30-238).

2. Since the filing of the Complaint, both Plaintiff and Defendants have filed various motions. (ECF Nos. 51, 58, 69, 72). Specifically, on April 17, 2018, Plaintiff filed a Motion for Default Judgment as to one Defendant. (ECF No. 51). Additionally, on May 15, 2018, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 58). On July 12, 2018, presumably in response to Defendants' Motion to Dismiss, Plaintiff filed a Motion for Leave to Amend her Complaint and to Transfer Venue. (ECF No. 59). The Honorable Steven C. Mannion, U.S.M.J. denied Plaintiff's Motion for Leave to Amend her Complaint and Transfer Venue on September 4, 2018. (ECF No. 71). On September 13, 2018, Plaintiff filed a Motion for Reconsideration. (ECF No. 72). The Motions that are currently pending before the Court are Plaintiff's Motions for Default Judgment and Reconsideration (ECF Nos. 51, 72), as well as Defendants' Motion to Dismiss. (ECF No. 58).

3. Plaintiff's action stems from two prior, separate lawsuits. The first was a 2009 New Jersey State Court Action that was later removed to this Court ("Prior Federal Action). (*See* Civ. Action No. 09-4675). Said lawsuit was brought by some of Defendants against, *inter alia*, Plaintiff. (*Id.*). The Prior Federal Action was settled in August of 2010 and the action was dismissed with prejudice. (*Id.* at ECF Nos.

30-32). The second prior action was a New Jersey State Court Action instituted by Plaintiff against the same individuals and entities that are Defendants in this Action ("Prior State Court Action"). (*See English v. Bank of Am.*, N.J. Case No. ESX-L-10269-10). The Prior State Court Action related to the same mortgage transaction that was the subject of the Prior Federal Action. (*Id.*). After several years of litigation, the State Court dismissed the Prior State Court Action on summary judgment. (*Id.*). Plaintiff appealed the dismissal and the Appellate Division affirmed same. (*See English v. Bank of Am.*, N.J. App. No. A-4524-12T1).

4. As noted above, approximately two-and-a-half years later, Plaintiff filed the within action asserting various RICO claims against all of the same Defendants. (*See generally* ECF No. 1). It is obvious to this Court that Plaintiff is complaining about the same exact mortgage transaction that was the subject of the Prior Federal Action as well as the Prior State Court Action. (*Compare* ECF No. 1 *with* Civ. Action No. 09-4675 and N.J. Case No. ESX-L-10269-10).

5. Herein, Plaintiff seeks to hold the same Defendants liable for their participation in the underlying mortgage transaction as well as their involvement in the Prior Federal Action and Prior State Court Action. (ECF No. 1).

6. The proper way for Plaintiff to proceed would be for her to seek review and relief through the motion and appellate procedures of the respective Federal and New Jersey State Courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–16 (1923). This Court is prohibited by the *Rooker-Feldman* doctrine from providing

3

relief that would effectively reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the orders, or void the rulings issued by the State Court in the Prior State Court Action. *See Jacobsen v. Citi Mortg. Inc.*, 715 F. App'x 222, 223 (3d Cir. 2018) (affirming a district court's dismissal of the claims that were brought in connection with a state foreclosure action as being barred by the *Rooker-Feldman* doctrine), *pet. for reh'g & reh'g en banc denied*, No. 17-3267 (3d Cir. Apr. 30, 2018); *Todd v. U.S. Bank Nat'l Ass'n*, 685 F. App'x 103, 105–06 (3d Cir. 2017) (same), *pet. for reh'g & reh'g en banc denied*, Nos. 16-1126 & 16-1255 (3d Cir. May 18, 2017), *cert. denied*, 138 S. Ct. 449 (2017). The *Rooker-Feldman* bar also "encompass[es] final decisions of lower state courts." *E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir. 1997); *see also Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & N.J. Police Dep't*, 973 F.2d 169, 177–78 (3d Cir. 1992) (same).

7. In addition, it appears that this Court should abstain from exercising jurisdiction over this action pursuant to the *Younger* abstention doctrine, because (a) the Prior State Court Action may be ongoing, (b) important state interests are implicated in the Prior State Court Action, and (c) there is an adequate opportunity to raise federal claims in the New Jersey State Courts. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *Younger v. Harris*, 401 U.S. 37, 43–54 (1971). This Court

is barred from interfering with the Prior State Court Action if it is indeed ongoing and Plaintiff is seeking additional appellate review. *See Cunningham v. Mortg. Contracting Servs. LLC*, 634 F. App'x 361, 362 (3d Cir. 2016) (affirming dismissal of claims brought in connection to a state foreclosure action as being barred by *Younger* abstention); *Jacques v. Chase Bank USA, N.A.*, 668 F. App'x 437, 438–39 (3d Cir. 2016) (same), *pet. for reh'g & reh'g en banc denied*, No. 16-1318 (3d Cir. Oct. 17, 2016).[1]

8. It further appears that this Court is barred from adjudicating any claims in this action that either have been or should have been adjudicated in the Prior Federal Action and Prior State Court Action pursuant to the well-established doctrines of *res judicata*, collateral estoppel, and New Jersey's entire controversy doctrine. *See Jacques*, 668 F. App'x at 438–39. A federal court is authorized to *sua sponte* dispose of a case based on those aforementioned reasons, even if the plaintiffs have paid the filing fee, "when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.'" *DeGrazia v. Fed. Bureau of Investigation*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)); *see also Itiowe v. The Trentonian*,

---

[1] The Third Circuit Court of Appeals issued *Jacques* and *Cunningham* after the United States Supreme Court issued *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), and thus they are persuasive.

620 F. App'x 65, 67 n.2 (3d Cir. 2015) (dismissing an appeal pursuant to *Hagans* from a district court order that dismissed the claims brought by a plaintiff who paid the district court's filing fee); *Boykin v. New Jersey*, No. 16-5543, 2017 WL 2560346, at *6 (D.N.J. June 12, 2017) (dismissing a case where a fee-paying plaintiff brought a federal action to stop a foreclosure that was proceeding in state court, and citing *Hagans* and *Itiowe*).

9. Finally, this Court is also without authority in general to review and adjudicate issues that have arisen in New Jersey State Courts in the Prior State Court Action. *See Francis v. TD Bank, N.A.*, 597 F. App'x 58, 61 (3d Cir. 2014) (affirming the dismissal of a borrower's claims alleging misconduct by a bank in bringing a separate state foreclosure action, and citing *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281 (1970), and *In re Grand Jury Proceedings*, 654 F.2d 268 (3d Cir. 1981)).

10. Thus, this Court orders Plaintiff to show cause why her Complaint in this case should not be dismissed without prejudice to Plaintiff's ability to seek to seek relief before the New Jersey State Courts pursuant to the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, *res judicata*, and collateral estoppel. For good cause shown:

IT IS on this 3 day of October, 2018,

**ORDERED** that Plaintiff will show cause why the Complaint should not be dismissed without prejudice to seek relief before the proper tribunal for the reasons addressed above; and it is further

**ORDERED** that Plaintiff must file an electronic response with the Court on or before October 24, 2018; and it is further

**ORDERED** that if Plaintiff fails to file an electronic response with the Court by October 24, 2018, then Plaintiff will be deemed to be in support of the dismissal of her Complaint; and it is further

**ORDERED** that this Order to Show Cause will be decided without oral argument pursuant to Local Civil Rule 78.1(b); and it is further

**ORDERED** that Plaintiff's Motions for Default Judgment and Reconsideration (ECF Nos. 51, 72) are hereby ADMINISTRATIVELY TERMINATED without prejudice; and it is further

**ORDERED** that Plaintiff is advised that the termination of these motions is not an adjudication on the merits at this time; and it is further

**ORDERED** that Defendants' Motion to Dismiss (ECF No. 58) is hereby ADMINISTRATIVELY TERMINATED without prejudice; and it is further

**ORDERED** that Defendants are advised that this termination is not an adjudication on the merits; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff via regular mail and upon Defendants electronically.

**SO ORDERED.**

CLAIRE C. CECCHI
United States District Judge